**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JES C. ENGLEMANN, et al.**

    **Plaintiffs,**

**v.**                                            **Case No. 8:09-cv-2274-T-30EAJ**

**HARTFORD CASUALTY INSURANCE
COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Remand and Memorandum of Law (Dkt. 6) and Defendant Hartford's Amended Response and Objection to same (Dkt. 9). The Court, having reviewed the motion, response, and being otherwise advised in the premises, finds that Plaintiffs' Motion to Remand (Dkt. 6) should be granted.

## BACKGROUND

Plaintiffs Jes C. Engelmann, Mary Ann Engelmann, and MJCM, Inc., d/b/a Sheldegren Kennels (collectively "Plaintiffs") originally filed this action in state court (the "State Court Action"), alleging a breach of contract claim and a declaratory action against Defendant Hartford Casualty Insurance Company ("Defendant") based on Defendant's failure to defend or provide indemnity to Plaintiffs under Plaintiffs' insurance policy with Defendant. Specifically, a lawsuit was filed against Plaintiffs seeking the removal of

obstacles extending from Plaintiffs' property and onto property owned or controlled by Signature Estates Home-Owner's Association ("Signature Estates") (the "underlying lawsuit"). Plaintiffs notified Defendant of the underlying lawsuit and Defendant sent a letter to Plaintiffs denying coverage and stating that it would not defend Plaintiffs in the underlying lawsuit, nor would it provide indemnity.

On November 6, 2009, Defendant filed a Notice of Removal and removed the State Court Action to this Court. (Dkt. 1). On November 16, 2009, Defendant filed a Motion to Dismiss.[1] (Dkt. 4). On December 1, 2009, Plaintiffs filed a Motion to Remand. (Dkt. 6). Plaintiffs argue that remand is appropriate because Defendant failed to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. In support of their motion, Plaintiffs attach the affidavit of Jes C. Engelmann ("Engelmann"), which states that Plaintiffs' damages do not exceed $75,000.

On December 22, 2009, Defendant filed its Amended Response in opposition to Plaintiffs' Motion to Remand. (Dkt. 9). Defendant argues that the Court should analyze whether the jurisdictional amount is met under the standard applied to declaratory judgment actions, and that, under that standard, Plaintiffs' damages exceed $75,000.[2] As set forth in more detail below, the Court finds that Plaintiffs' Motion to Remand must be granted because Defendant did not meet its burden of showing the requisite amount in controversy.

---

[1] Because the Court does not have jurisdiction, the Court will not consider the Motion to Dismiss.

[2] Plaintiffs' complaint, however, also includes a breach of contract claim against Defendant.

## DISCUSSION

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Perez, 139 F.3d at 1373. In order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and complete diversity of citizenship must exist. See 28 U.S.C. § 1332.

After removal, a plaintiff may move to remand the action to state court pursuant to 28 U.S.C. § 1447(c). A motion to remand based on a removal defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 144(c). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

The Eleventh Circuit Court of Appeals clarified "how a district court must proceed in evaluating its jurisdiction after removal." Lowery v. Alabama Power Co., 483 F.3d 1184,

1187 (11th Cir. 2007).³ In Lowery, the court held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Id. at 1208 (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds*; Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000)). The court then went on to explain that, under 28 U.S.C. § 1446(b), removal may be premised on either the plaintiff's initial pleading, such as a complaint, or "a copy of an amended pleading, motion, order or other paper." Id. at 1212-13. If, however, removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff. Id. at 1215, n. 63. The court then concluded that "in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff--be it the initial complaint or a later received paper--and determines whether that document and the notice of removal [the removing documents] unambiguously establish federal jurisdiction." Id. at 1213. The court cautioned that if the jurisdictional amount is not clear and unambiguous from the face of, or readily deducible from, the removing documents, then "the court must remand." Id. at 1211.

Therefore, under the approach adopted in Lowery, jurisdiction "is either evident from the removing documents or remand is appropriate." Id. The defendant and the court may

---

³ Although Lowery was decided in a Class Action Fairness Act ("CAFA") case, its holding is not limited to that context.

not speculate about the amount in controversy, nor should the district court's jurisdiction be "divined by looking to the stars." Id. at 1215.

For declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). Importantly, the value of the object of the litigation is measured solely from the plaintiff's perspective; the value to the defendant is irrelevant. Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 219-220 (11th Cir. 1997). In some cases, the value of a declaratory or injunctive relief may be "too speculative and immeasurable" to establish the amount in controversy. Id. at 221-22.

Defendant argues that the amount in controversy exceeds $75,000. Plaintiffs argue that Defendant did not meet its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Accordingly, the only issue presented is the amount in controversy. The complaint alleges merely that the action exceeds the $15,000 jurisdictional limit of the state court. Defendant argues, however, that the Court should consider Plaintiff's "potential liability," which would include "potential" attorneys' fees and "potential" statutory damages. Defendant also contends that the Court should consider Plaintiffs' bad faith claim. Curiously, Plaintiffs do not have a bad faith claim and, contrary to Defendant's argument, the filing of a Civil Remedy Notice is not tantamount to filing a bad faith claim. Indeed, as Plaintiffs correctly point out, they cannot file a bad faith lawsuit

unless they are first successful in this matter. Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289 (Fla. 1991).

Plaintiffs' claims, which include the declaratory action, are insufficient to meet the jurisdictional amount. A review of the complaint and the removing documents does not establish the amount in controversy and are insufficient under Lowery. Moreover, even when the Court applies the standard applied to declaratory actions, the amount in controversy is still not met. Under this standard, the value of the action is analyzed from Plaintiffs' perspective, and Plaintiffs' affidavit unequivocally states that Plaintiffs' damages do not exceed $75,000 and that Plaintiffs' liability in the underlying lawsuit will not exceed $5,000 for the removal of the fencing from the alleged easement. Plaintiffs also state that as of November 6, 2009, the date of removal, Plaintiffs have incurred less than $10,000 in attorneys' fees and costs in defending the underlying lawsuit. These amounts in addition to the $5,000 in attorneys' fees and costs Plaintiffs have incurred in prosecuting this action against Defendant amount to $20,000, which clearly is insufficient. Lastly, under these facts, it would be too speculative for the court to consider any additional "potential" attorneys' fees, as Defendant seems to suggest. Russell Corp. v. Ward, No. 3:08-CV-293-WKW, 2008 WL 2852311, *3 (M.D. Ala. July 22, 2008).

In Lowery, the Eleventh Circuit stated "that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on

the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." 483 F.3d at 1211. The court added, "[t]hough the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." Id. at 1217. Consequently, when the plaintiff fails to specify damages, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. Id. at 1208.

Defendant in this case has failed to make an adequate showing of the jurisdictional amount. Defendant relies on mere speculation regarding Plaintiffs' potential liability, which is insufficient under Lowery and the cases set forth herein regarding the standard to apply to a declaratory action. Moreover, Plaintiffs' failure to stipulate regarding the amount in controversy is insufficient to support a finding that the amount in controversy exceeds $75,000. The Eleventh Circuit has said that there are several reasons why a plaintiff would not stipulate to the amount in controversy, so that a refusal to stipulate, standing alone, does not satisfy a defendant's burden of proof. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir.2001).

Simply put, "any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon." Lowery, 483 F.3d at 1210-11. For the foregoing reasons, Defendant has

the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." 483 F.3d at 1211. The court added, "[t]hough the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." Id. at 1217. Consequently, when the plaintiff fails to specify damages, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. Id. at 1208.

Defendant in this case has failed to make an adequate showing of the jurisdictional amount. Defendant relies on mere speculation regarding Plaintiffs' potential liability, which is insufficient under Lowery and the cases set forth herein regarding the standard to apply to a declaratory action. Moreover, Plaintiffs' failure to stipulate regarding the amount in controversy is insufficient to support a finding that the amount in controversy exceeds $75,000. The Eleventh Circuit has said that there are several reasons why a plaintiff would not stipulate to the amount in controversy, so that a refusal to stipulate, standing alone, does not satisfy a defendant's burden of proof. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir.2001).

Simply put, "any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon." Lowery, 483 F.3d at 1210-11. For the foregoing reasons, Defendant has

failed to carry its burden of demonstrating the jurisdictional amount and Plaintiffs' Motion to Remand must be granted as to this issue.

Plaintiffs also move the Court for an award of reasonable attorneys' fees and costs incurred in conjunction with preparing their Motion for Remand. Under Title 28, Section 1447 of the United States Code, when a case is remanded for lack of subject matter jurisdiction, a court may require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2006). The United States Supreme Court has explained that "the standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). The Court continued, "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id.

Even though the Court disagrees with Defendant's basis for removal, the Court does not find that Defendant "lacked an objectively reasonable basis for seeking removal." Therefore, the Court declines to exercise its discretion to award costs and attorneys' fees to Plaintiffs.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Remand and Supporting Memorandum of Law (Dkt. 6) is hereby **GRANTED**, although the Court denies Plaintiffs' request for attorneys' fees and costs.

2. The Clerk of this Court is directed to **REMAND** this case to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. The Clerk is also directed to forward a certified copy of this Order to that Court.

3. The CLERK is directed to CLOSE this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on December 23, 2009.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-2274.mtremand.frm